UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 21-29-DLB

TRAVIS LAMAR WALL                                         PETITIONER

v.                **MEMORANDUM OPINION AND ORDER**

DAVID LEMASTER                                          RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Travis Lamar Wall is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Wall filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him arising from the alleged possession of a cell phone and cigarettes. (Doc. # 1). The Court has fully reviewed Wall's petition and attached documents (*see id.*), as well as the Respondent's response and supporting evidence (*see* Doc. #9). Therefore, Wall's petition is now ripe for a decision from this Court.

Wall has not demonstrated that he is entitled to a restoration of the good conduct time that he lost. As an initial matter, despite Wall's claims to the contrary, he has not demonstrated that he was denied the various procedural protections that he was due. Under the law, Wall was entitled to advance notice of the charges against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

1

Here, the record reflects that Wall received each of these procedural protections. Indeed, as the Respondent has established, Wall received notice of the charges against him on October 19, 2019, well in advance of the November 5, 2019 discipline hearing. (Doc. # 9-2 at 2-4, 12-13). The Respondent has also demonstrated that Wall was notified of his rights at the discipline hearing and given the opportunity to have a staff member represent him and present evidence and witnesses in his defense. (*See id.* at 16-23). The record then indicates that while Wall waived his right to a staff representative, he was able to offer his own statements and have another inmate testify on his behalf. (*See id.* at 4-5, 17-23). The record also shows that prison officials provided Wall with a written decision thoroughly explaining the grounds used to determine his guilt. (*See id.* at 5-6, 18-23).[1] Thus, Wall has not established that his due process rights were violated.

The only remaining question then is whether there was "some evidence" in the record to support the discipline hearing officer's decision in this case. See *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013). This is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

---

[1] The discipline hearing officer issued an initial report in April of 2020 (*see* Doc. # 9-2 at 21-23) but later amended that report in May of 2020 (*see id.* at 18-20). The Respondent represents that this amended report was prepared to correct a number of typographical errors contained in the original report, including but not limited to Wall's name in the summary of statement. (*See* Doc. # 9 at 7-9). While Wall emphasizes the fact that the report in question was amended, he has not demonstrated in any clear way how he was prejudiced by the amendment or how it otherwise amounts to a constitutional violation.

In this case, there was certainly some evidence in the record to support the discipline hearing officer's decision. Indeed, the discipline hearing officer's report details the evidence in this case linking Wall to the offenses in question, including but not limited to the eyewitness account of the reporting staff member, certain documentary evidence (i.e. photographs of the prohibited items in question), and some of Wall's own statements. (*See* Doc. # 9-2 at 5-6, 14-15, 18-23). This evidence was clearly enough to meet the very low threshold applicable here. *See Hill*, 472 U.S. at 454.

In conclusion, Wall has not demonstrated that he was denied the procedural protections he was due, and there was more than enough evidence to support the discipline hearing officer's decision in this case.

Accordingly, it is **ORDERED** as follows:

(1) Wall's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 8th day of July, 2021.

Signed By:
*David L. Bunning* DB
United States District Judge

O:\DATA\ORDERS\PSO Orders\0-21-29 MOO.docx